# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

            Plaintiff,    :    Case No. 3:05-cr-068
                                        Also Case No. 3:15-cv-008

                                        District Judge Thomas M. Rose
-  vs  -                              Magistrate Judge Michael R. Merz

DAVID CARL LETNER,

            Defendant.    :

## REPORT AND RECOMMENDATIONS

This case is before the Court upon the filing of a *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. No. 97). The Motion is before the Court for initial review pursuant to Rule 4(b) of the Rules Governing § 2255 Cases which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

The Motion is referred, as are all habeas corpus and § 2255 motions, to the undersigned by the Dayton General Order of Reference.

The docket in this case reflects that Letner was indicted by the grand jury for this District on May 10, 2005 (Doc. No. 19).  The case was tried to a jury in February 2006 and Letner was convicted on Counts 1, 2, 3, and 4, but acquitted on Counts 5 and 6 (Minute Entry, Doc. No. 70). Following a presentence investigation, Letner was sentenced to an aggregate sentence of 441 months, supervised release, and restitution (Doc. Nos. 75, 76).  Letner appealed and the Sixth Circuit affirmed.  *United States v. Letner,* 273 Fed. Appx. 491 (6th Cir. 2008).  The instant Motion followed on January 8, 2015.

A prisoner seeking relief under 28 U.S.C. § 2255 must allege either "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid" *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003). In other words, to warrant relief under § 2255, a prisoner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect of influence on the guilty plea or the jury's verdict. *Griffin v. United States*, 330 F.3d 733, 737 (6th Cir. 2006), *citing Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993).  To obtain relief under 28 U.S.C. § 2255, a defendant must establish the denial of a substantive right or defect in the trial that is inconsistent with the rudimentary demands of fair procedure.  *United States v. Timmreck,* 441 U.S. 780 (1979); *United States v. Ferguson*, 918 F.2d 627, 630 (6th  Cir. 1990)(*per curiam*).  Relief under 28 U.S.C. § 2255 is available when a federal sentence was imposed in violation of the Constitution or laws of the United States or the trial court was without jurisdiction or the sentence is in excess of the maximum sentence allowed by law, or is "otherwise subject to collateral attack."  *United States v. Jalili,* 925 F.2d 889, 893 (6th Cir. 1991).

Letner does not plead that his conviction was the result of any constitutional error. Instead, he seeks placement in some kind of sentence reduction program or drug treatment in lieu of incarceration (Motion, Doc. No. 97, PageID 1559).  This sort of relief is not available under 28 U.S.C. § 2255.  On that basis, the Motion should be dismissed without prejudice for failure to state a claim on which relief can be granted under § 2255.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

January 9, 2015.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).