# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

        Plaintiff,    :    Case No. 3:05-cr-068
                                    Also Case No. 3:15-cv-008

                                      District Judge Thomas M. Rose
- vs -                         Magistrate Judge Michael R. Merz

DAVID CARL LETNER,

        Defendant.    :

---

## SUBSTITUTED REPORT AND RECOMMENDATIONS

---

This case is before the Court upon Defendant Letner's Objections (Doc. No. 99) to the Magistrate Judge's Report and Recommendations (Doc. No. 98) recommending that Letner's § 2255 Motion (Doc. No. 97) be dismissed without prejudice because it did not state a claim upon which relief could be granted under § 2255. Judge Rose has recommitted the case for reconsideration in light of the Objections (Doc. No. 100).

Because the Objections attempt to state a claim for relief on the basis of ineffective assistance of trial counsel, the prior Report and Recommendations are WITHDRAWN. A claim of ineffective assistance of trial counsel is cognizable under 28 U.S.C. § 2255 because all indigent criminal defendants are entitled to the effective assistance of counsel. *Strickland v. Washington,* 466 U.S. 668 (1984).

While a claim of ineffective assistance of trial counsel can be raised in a § 2255 motion, there are time limits on filing such a motion. Under § 2255(f), the motion must be filed within one year from the date the conviction becomes final on direct appeal. In this case the Sixth Circuit affirmed the conviction on April 10, 2008 (Doc. No. 95). The record indicates no petition for certiorari was filed in the United States Supreme Court, so the conviction became final when the time for filing such a petition expired, ninety days after the court of appeals decision, or July 9, 2008. The statute of limitations began to run on that date and expired one year later on July 10, 2009. Letner's § 2255 Motion was not filed until January 8, 2015, four and one-half years after the statute of limitations expired.

It is therefore respectfully recommended that the § 2255 Motion be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

February 2, 2015

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such

portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).