# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

              Plaintiff,    :    Case No. 3:05-cr-068

                                                            District Judge Thomas M. Rose
   -  vs  -                                           Magistrate Judge Michael R. Merz

DAVID C. LETNER,

              Defendant.    :

## DECISION AND ORDER DENYING MOTION TO HOLD IN ABEYANCE

This case is before the Court on Defendant's Motion to Vacate Sentence under 28 U.S.C. § 2255 (ECF No. 108) and his Motion to Hold the § 2255 Motion in Abeyance pending a decision by the Sixth Circuit Court of Appeals for permission to file a second or successive § 2255 motion (ECF No. 109). As with all post-judgment collateral attacks on criminal judgments filed in Dayton, it has been referred to the undersigned (See Dayton General Order No. 13-01 (May 30, 2013).

A review of the docket reveals that the instant § 2255 Motion is indeed Letner's second-in-time such motion. His first such motion (ECF No. 97) was dismissed with prejudice on March 4, 2015 (ECF No. 104) and he took no appeal.

1

**Procedural History**

Defendant David Letner was indicted by the grand jury for this District on May 10, 2005, and charged with three counts of armed bank robbery (Count One, Three, and Five) and three counts of possessing and brandishing a firearm in furtherance of armed bank robbery (Count Two, Four, and Six)(Indictment, ECF No. 19). The trial jury found Letner guilty on Counts One through Four and not guilty on Counts Five and Six. On July 17, 2006, Judge Rose sentenced Letner to a cumulative prison term of 441 months (ECF No. 75). On appeal the Sixth Circuit affirmed the conviction. *United States v. Letner,* Case No. 06-4018, 273 Fed..Appx. 491 (6th Cir. Apr. 10, 2008)(copy at ECF No. 95). Letner's first § 2255 Motion was filed almost seven years later and dismissed as barred by the statute of limitations (Substituted Report and Recommendations, ECF No. 101, adopted ECF No. 104).

# ANALYSIS

Letner makes one claim for relief, to wit, that his convictions under 18 U.S.C. § 924(c) no longer counts as a crime of violence, given the decision in *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), where the Supreme Court found the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), to be unconstitutionally vague. *Johnson* announced a new substantive rule that has retroactive effect in cases on collateral review. *Welch v. United States*, 576 U.S. ___, 136 S. Ct. 1257 (2016); *In re: Windy Watkins*, 810 F.3d 375 (6th Cir. 2015). The residual clause of the career offender

Sentencing Guideline is unconstitutional on the same basis as *Johnson*.  *United States v. Pawlak*, ___ F.3d ___, 2016 U.S. App. LEXIS 8798 (6th Cir. May 13, 2016).

Regarding second or successive § 2255 motions, 28 U.S.C. § 2255(h) provides:

> (h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2244 in turn provides:

> (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.
>
> (b)
> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
> > (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

3

      (B)

          (i)     the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

          (ii)    the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)

(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

(D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

> (4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.

28 U.S.C. §§ 2255(h) and 2244(b) were both adopted as part of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") and therefore should be read *in pari materia*. Usage of the phrase "second or successive" should therefore be presumed to have the same meaning in both places. *Atlantic Cleaners & Dyers, Inc. v. United States,* 286 U.S. 427, 433 (1932); *Mohasco Corp. v. Silver,* 447 U.S. 807 (1980),

The AEDPA does not define "second or successive," but the appellate courts have held that not every second-in-time habeas corpus petition under § 2254 is to be treated as second or successive. In *Panetti v. Quarterman,* 551 U.S. 930 (2007), the court held a habeas petition alleging incompetence to be executed is not a prohibited second petition when the issue was not ripe when the first petition was filed. In *In re Bowen*, 436 F.3d 699 (2006)(Cole, J.), the Sixth Circuit found a second petition was not successive when it raised ineffective assistance of trial counsel and appellate counsel claims which were not exhausted at the time of the first petition and before *Rhines v. Weber*, 544 U.S. 269, 277-278 (2005), allowed a stay and abeyance. The court explained:

> The Supreme Court has made clear that not every numerically second petition is "second or successive" for purposes of AEDPA. *Slack v. McDaniel*, 529 U.S. 473, 487, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (a petition filed after a mixed petition has been dismissed before the district court has adjudicated any claim is not a second or successive petition); *Martinez-Villareal v. Stewart*, 523 U.S. 637, 118 S. Ct. 1618, 140 L. Ed. 2d 849 (1998) (a numerically second petition alleging a claim that was contained in a first petition, but dismissed as unripe, is not second or successive); see also *Carlson v. Pitcher*, 137 F.3d 416, 419 (6th Cir. 1998) (same).

5

In *In re: Curtis Jones*, 652 F.3d 603 (6th Cir. 2010), the court held:

> [N]ot every numerically second habeas petition is subject to these gatekeeping procedures. Instead, in a series of post-AEDPA cases, the Supreme Court has confirmed that a numerically second petition is not properly termed "second or successive" to the extent it asserts claims whose predicates arose after the filing of the original petition. The statutory phrase "second or successive petition," the Court has emphasized, is a "term of art given substance" in the Court's prior habeas cases. *Slack v. McDaniel*, 529 U.S. 473, 486, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). So in *Stewart v. Martinez-Villareal*, 523 U.S. 637, 118 S. Ct. 1618, 140 L. Ed. 2d 849, the Court held that a capital prisoner's claim that he was incompetent to be executed under *Ford v. Wainwright,* 477 U.S. 399, 106 S. Ct. 2595, 91 L. Ed. 2d 335 (1986), was not barred even though a prior petition raising the same claim had been dismissed because the claim was unripe. See 523 U.S. at 644-45.

*Id*. at 605.  Thus not every second or subsequent 2254 petition or 2255 motion is second-or-successive under the AEDPA.

Moreover, initial determination of whether a petition or motion is second or successive must be made in the first instance by the district court.  *In re Smith*, 690 F.3d 809 (6th Cir. 2012); *In re Sheppard*, 2012 U.S. App. LEXIS 13709 (6th Cir. May 25, 2012).  The district court cannot "delegate up" the second-or-successive determination out of an abundance of caution in not exceeding its jurisdiction.  *Id.*

The instant § 2255 Motion is not second-or-successive within the meaning of § 2255(h) because Letner's claim under *Johnson* was not ripe when he filed any of his prior § 2255 motion. *United States v. Waagner*, 2016 U.S. Dist. LEXIS 64091 (S.D. Ohio May 16, 2016)(Merz, M.J.), citing *Panetti*.  No claim under *Johnson* existed before the Supreme Court decided that case in June 2015.

*Johnson* claims are parallel to claims made available to convicted federal defendants by *Bailey v. United States*, 516 U.S. 137 (1995), where the Supreme Court construed the term "use" in 18 U.S.C. § 924(c)(1) to mean "active employment of the firearm by the defendant, a use that makes the firearm an operative factor in relation to the predicate offense." Defendants who had been convicted under a broader definition of "use" were permitted to seek relief under § 2255 without prior circuit court permission even if they had filed a previous § 2255 motion. *In re Hanserd*, 123 F.3d 922 (6th Cir. 1997).

Accordingly, the Motion to Hold in Abeyance is DENIED. The Magistrate Judge respectfully suggests that Defendant's counsel voluntarily withdraw his request to the Sixth Circuit for permission to file a second-or-successive motion. The Court will proceed with initial review of the instant § 2255 Motion under the Rules Governing § 2255 Motions.

June 27, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge
