# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                  Plaintiff,    :    Case No. 3:05-cr-068

                                              District Judge Thomas M. Rose
  - vs -                           Magistrate Judge Michael R. Merz

DAVID C. LETNER,

                  Defendant.    :

## TRANSFER ORDER

This 2255 proceeding is before the Court on Motion of the United States to Dismiss (ECF No. 116) which Defendant Letner opposes (ECF No. 117). The Government's time to file a reply memorandum in support has expired and no reply has been filed. Hence the Motion is ripe.

The Government asserts this Court lacks jurisdiction to entertain this proceeding because the instant § 2255 Motion is second or successive (Motion, ECF No. 114, PageID 1636-41). The United States Attorney acknowledges that the Magistrate Judge has previously held in this case that the instant § 2255 Motion is not second or successive (Motion, ECF No. 114, PageID 1636, n. 1, citing Decision and Order, ECF No. 111). Defendant quotes extensively from the same Order (Memo. Opp. ECF No. 117, PageID 1655-57.)

The referenced Decision and Order denied Defendant's Motion to Hold in Abeyance pending permission to proceed from the Sixth Circuit (ECF No. 109) which was filed

1

simultaneously with the instant § 2255 Motion. Given the flood of new § 2255 motions filed in this Court at about the same time, to wit, at or near the anniversary of the decision in *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), the Court was required to deal quickly with second or successive questions; it denied the Motion to Hold in Abeyance within three days of its filing without seeking or awaiting a response from the United States.[1]

The Magistrate Judge's prior decision on this question was in error. It is correct that a district court must decide in the first instance whether a second § 2254 petition or § 2255 motion is "second or successive." *In re Smith,* 690 F.3d 809 (6th Cir. 2012). It is also correct, as the Government argues, that a district court has no jurisdiction to consider the merits of a second or successive § 2255 motion. *Burton v. Stewart*, 549 U.S. 147 (2007). The error in the prior Decision was in applying Sixth Circuit and Supreme Court recognized exceptions for some second § 2254 or § 2255 applications to the facts of this case.

Mr. Letner does have a prior § 2255 motion which was dismissed on the merits as barred by the statute of limitations (See Entry and Order, ECF No. 104, PageID 1597). Thus his instant § 2255 Motion does not come within the exception for second applications after initial applications are dismissed without prejudice. See *Slack v. McDaniel,* 529 U.S. 473 (2000). Nor does it come after a prior judgment has been vacated and the defendant re-sentenced. See Burton, supra; *Magwood v. Patterson*, 561 U.S. 320 (2010); *King v. Morgan*, 807 F.3d 154, 156 (6th Cir. 2015).

The mistake made in the prior Decision was in analogizing Mr. Letner's position to that of the habeas petitioners in *Panetti v. Quarterman*, 551 U.S. 930 (2007), and *Stewart v. Martinez-Villareal,* 523 U.S. 523 U.S. 637 (1998). In deciding the instant § 2255 Motion was

---

[1] Note that, under Rule 5(a) of the Rules Governing § 2255 Proceedings, the United States is not required to answer a § 2255 motion until ordered to do so by the Court. The usual practice at the Dayton seat of court is that the Government does not in fact answer such motions until ordered to do so.

2

not second or successive, the Magistrate Judge had relied on his own prior decision in *United States v. Waagner*, 2016 U.S. Dist. LEXIS 64091 (S.D. Ohio May 16, 2016), which in turn relied on *Panetti*. That decision has now been vacated and Waagner's 2255 motion based on *Johnson* has been transferred to the Court of Appeals.

In *Panetti* and *Stewart*, the habeas petitions were held not to be second or successive because petitioners claims that they were incompetent to be executed were not ripe at the time of their prior petitions. They were unripe because the facts giving rise to the claims had not yet arisen. In contrast, Letner's present claim is purportedly based on a new rule of constitutional law (the vagueness decision in *Johnson*) purportedly made retroactive on collateral review by the Supreme Court in *Welch v. United States*, --- U.S. ---, 136 S.Ct. 1257 (2016). Claims of this sort in a second § 2255 motion must have the permission of the court of appeals to proceed.

When a district court is confronted with a motion to dismiss for lack of jurisdiction a second or successive § 2255 motion, its proper response is to transfer the case to the court of appeals. *In re Sims*, 111 F.3d 45 (6th Cir. 1997). Accordingly, this case is ordered TRANSFERRED to the United States Court of Appeals for the Sixth Circuit for a determination of whether Mr. Letner can proceed.[2] Both the Amended Motion to Vacate (ECF No. 110) and the Motion to Dismiss (ECF No. 114) will be TERMINATED on the docket of this Court.

August 30, 2016.

s/ *Michael R. Merz*<br>United States Magistrate Judge

---

[2] The Magistrate Judge apologizes to Defendant and his counsel for having recommended, ill advisedly, that his prior application to the Sixth Circuit be voluntarily dismissed.