UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:05-cr-68 |
| | : | |
| v. | : | |
| | : | Judge Thomas M. Rose |
| DAVID C. LETNER, | : | |
| | : | |
| Defendant. | : | |

**ENTRY AND ORDER DENYING DEFENDANT'S MOTION FOR
MODIFICATION OF SENTENCE (DOC. NO. 138)**

This case is before the Court on the Motion for Modification of Sentence (Doc. No. 138) (the "Motion"), filed by David Letner ("Letner"). Letner is currently incarcerated at FCI Elkton in Ohio. He asks the Court for compassionate release from his term of imprisonment. More specifically, he asks that this Court grant him compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) as amended by § 603 of the First Step Act (FSA) of 2018 (P.L. 115-391). (Doc. No. 138.) For the reasons discussed below, the Court **DENIES** Letner's Motion.

I.     **BACKGROUND**

On May 10, 2005 the Government filed an Indictment alleging six separate counts against Letner relating to the robbery of three banks and the possession of firearms during crimes of violence. (Doc. No. 19 at PageID 74-77.) On February 7, 2006, Letner was found guilty on four of the six counts. (Doc. No. 70 at PageID 196.)

Prior to sentencing, the Probation Office prepared a Presentence Report ("PSR") that detailed Letner's criminal history. Prior to this case, Letner sustained multiple convictions, including for: aggravated trafficking (1983); theft (1984); burglary (1984), receiving stolen

property (1986), assault on a peace officer (1994), and domestic violence (1998). (*See* PSR ¶¶ 72-4, 77-8.)

At sentencing, the Court imposed a 441-month term of incarceration, three years of supervised release, a $400 special assessment, and $32,899.85 in restitution. (Doc. No. 76 at PageID 213-18.) Letner is currently 68 years old and has an anticipated release date of July 30, 2036. (*See* FEDERAL BUREAU OF PRISONS INMATE LOCATOR, https://www.bop.gov/inmateloc (last visited April 7, 2022).)

On October 1, 2020, Letner filed a motion for compassionate release. (Doc. No. 126.) The Court denied the motion after considering the factors listed in 18 U.S.C.§ 3553(a). (Doc. No. 128.) On November 30, 2021, Letner filed another pro se motion, ostensibly seeking reconsideration of his compassionate release motion or, at the very least, seeking a compassionate release pursuant to 18 U.S.C.§ 3582(c)(1). (Doc. No. 138.) Counsel was assigned on December 21, 2021 (Doc. No. 140) and on February 14, 2022, counsel declined to file a supplemental brief. (Doc. No. 203.) The Government filed its response on March 30, 2022. (Doc. No. 144.) Letner did not file a reply. The matter is ripe for review.

II. **ANALYSIS**

    A. **Motion for Reconsideration**

"[C]ourts adjudicating motions to reconsider in criminal cases typically evaluate such motions under the same standards applicable to a civil motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e)." *United States v. Guzman*, No. 5:16-cr-41, 2019 U.S. Dist. LEXIS 157625, at *3-4, 2019 WL 4418015 (E.D. Ky. Sept. 16, 2019) (citation and quotation marks omitted). The standard for a motion to reconsider under Rule 59(e) is "necessarily high." *Hewitt v. W. & S. Fin. Grp. Flexibly Benefits Plan*, No. 16-120, 2017 U.S. Dist. LEXIS 105097, at *2-3, 2017 WL 2927472 (E.D. Ky. July 7, 2017). A court may only grant a Rule 59(e) motion if the

moving party shows (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in the controlling law; or (4) a manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted).

### B. Legal Standards

Section 3582(c)(1)(A), colloquially known as the "compassionate release" statute, grants authority, in certain limited circumstances, to modify a term of imprisonment after it has been imposed. It provides, in part:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court … may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).[1]

Therefore, a court may reduce a defendant's previously imposed term of imprisonment if it finds that three requirements are met: (1) "extraordinary and compelling reasons warrant such a reduction"; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission"; and (3) the § 3553(a) factors, to the extent that they are applicable, support the reduction. 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Lemons*, 15 F.4th 747, 749 (6th Cir. 2021). On the other hand, a court may deny a compassionate release motion when any of the three substantive requirements is lacking and need not address the others.[2] *United*

---

[1] Subpart (ii) of this portion of the statute provides "a separate basis for compassionate release tied to the defendant's age and years in prison." *United States v. Ruffin, 978 F.3d 1000, 1003 (6th Cir. 2020)*.

[2] However, courts currently omit the second requirement when an incarcerated person, as opposed to the Bureau of Prisons ("BOP"), files a motion seeking a sentence reduction. *Lemons*, 15 F.4th at 749. The Sixth Circuit has explained that, "where incarcerated persons file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry"—at least until the Sentencing Commission updates § 1B1.13 of the United States Sentencing Commission Guidelines Manual to reflect the First Step Act. *United States v. Jones*, 980 F.3d 1098, 1009-

3

*States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). Moreover, while a court may reduce the term of imprisonment if all three requirements are met, it "need not do so." *Id.*; *see also* 18 U.S.C. § 3582(c)(1)(A)(i) (stating that a court "may" reduce the term of imprisonment); *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020) ("Congress's use of 'may' in § 3582(c)(1)(A) dictates that the compassionate release decision is discretionary, not mandatory").

Regarding the third requirement, "§ 3582(c)(1)(A) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by steps one and two is warranted in whole or in part under the particular circumstances of the case." *Jones*, 980 F.3d at 1108 (internal quotation marks omitted and alterations adopted); *see also United States v. Wright*, 991 F.3d 717, 719 (6th Cir. 2021) ("[d]istrict courts may place great weight on one sentencing factor when that weight is warranted") (internal quotation marks omitted). The factors set forth in Section 3553(a) consider such things as the nature of the offense, the circumstances of the offense, the history of the defendant, the characteristics of the defendant, "and various penological goals, such as the need to promote respect for law and to protect the public," as well as to reflect the seriousness of the offense, provide just punishment for the offense, afford adequate deterrence to criminal conduct, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. *United States v. Ruffin*, 978 F.3d 1000, 1005 (6th Cir. 2020); *see also* 18 U.S.C. § 3553(a).

C. <u>**Application**</u>

Letner asks the Court to reconsider his prior motion or for a compassionate release. (Doc. No. 138 at PageID 1798.) It is not entirely clear what relief Letner wishes this Court to grant, but as either route would require the Court to consider the Section 3582 factors, the Court will evaluate

---

1111 (6th Cir. 2020) (explaining that passage of the First Step Act rendered § 1B1.13 inapplicable to cases where an imprisoned person files a motion for compassionate release).

whether Letner has met those factors. Letner states that he suffers from Gillian-Barre Syndrome. (Doc. No. 126 at PageID 1682.) He further states that staff and prisoners are not wearing masks despite the fact the prison is on heightened alert. (Doc. No. 138 at PageID 1798.)

In response, the Government argues Letner has failed to establish the necessary elements of 18 U.S.C. § 3582(c)(1)(A). (Doc. No. 144 at PageID 1813-14.) First, the Government argues that Letner has failed to provide any proof that he has exhausted his administrative remedies. (*Id*.) Second, the Government argues that Letner has failed to establish an extraordinary and compelling reason for early release. (*Id*. at PageID 1814-17.) Third, the Government argues that Letner has not presented any evidence that he satisfies the Section 3553(a) factors. (*Id*. at PageID 1817-18.)

1. **Exhaustion of Administrative Remedies**

The Government first argues that Letner has not exhausted his administrative remedies. (Doc. No. 144 at PageID 1813-14.)

Section 603(b) of the First Step Act, which was signed into law on December 21, 2018, modified 18 U.S.C. § 3582 to allow a defendant to bring a motion on his or her own behalf either "[1] after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [2] the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); Pub L. No. 115-391, 132 Stat. 5194; *see also United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020); *Ruffin*, 978 F.3d at 1004 ("defendants now may bring reduction-of-sentence motions on their own once they exhaust any administrative remedies or wait 30 days from the date they request relief from the Bureau of Prisons"). The exhaustion requirement contained in § 3582(c)(1)(A) is jurisdictional and cannot be waived, even due to emergencies such as the COVID-19 pandemic. *Alam*, 960 F.3d at 835 ("[i]t does not follow that Congress meant to excuse

5

prisoners' failure to follow an exhaustion requirement that it deliberately added in the same amendment"); *United States v. Forrest*, No. 2:17-cr-158, 2020 U.S. Dist. LEXIS 79674, at *2 (S.D. Ohio May 6, 2020). "The exhaustion requirement is a mandatory claims-processing rule that must be enforced if raised by the government," as it was here. *United States v. Patterson*, No. 21-3039, 2021 U.S. App. LEXIS 27754, at *5, 2021 WL 6339640 (6th Cir. Sept. 15, 2021) (citing *Alam*, 960 F.3d at 833-34).

Letner offers no evidence that he satisfied the exhaustion requirement. Therefore, the Court denies the Motion without prejudice because Letner has failed to exhaust his administrative remedies.

### 2. Section 3582 Considerations

Letner also does not satisfy the Section 3582 requirements. Regarding step one, for the purposes of the Court's analysis, the Court will <u>assume</u>—without deciding—that Letner has demonstrated that suffering from his stated medical ailments during the current COVID-19 pandemic presents an extraordinary and compelling reason for reducing the term of imprisonment (and that he is suffering from such ailments).[3] Regarding step two, given that Letner (an incarcerated person) filed the Motion, the Court "may skip"—and does skip—this step, in accordance with the Sixth Circuit's *Jones* decision. *Jones*, 980 F.3d at 1111. Regarding the second requirement, given that Letner (an incarcerated person) filed the Motion, the Court "may skip"—and does skip—this step, in accordance with the Sixth Circuit's *Jones* decision. *Jones*, 980 F.3d at 1111.

---

[3] The Court emphasizes it has <u>not</u> actually found that any circumstance (separately or combined) alleged by Letner qualifies as an "extraordinary and compelling reason[] [that] warrant[s] a reduction" of his sentence. 18 U.S.C § 3582(c)(1)(A)(i). As shown herein, the Court need not actually conduct that analysis to decide the Motion. *See, e.g., Jones*, 980 F.3d at 1108 (affirming district court's decision, which had "assumed for the sake of argument that extraordinary and compelling reasons existed" to reduce the defendant's term of imprisonment, proceeded to weigh several § 3553(a) factors, and then denied the motion for compassionate release).

Regarding the third requirement, the Court has considered the parties' arguments and the Section 3553(a) factors to the extent that they are applicable. 18 U.S.C. § 3582(c)(1)(A)(i). This includes that the Court considered Letner's history and characteristics. *See* 18 U.S.C. § 3553(a)(1).

Numerous factors do not favor early release in this instance. Specifically, the "nature and circumstances of the offense" do not favor early release. *See* 18 U.S.C. § 3553(a)(1); *see also Wright*, 991 F.3d at 719 ("district courts have wide latitude to deny compassionate release based on the seriousness of the underlying offense," such that "[s]o long as the district court considers the parties' arguments and has a reasoned basis for exercising its own legal decision making authority, it is not an abuse of discretion to deny compassionate release based on the seriousness of the offense") (internal quotation marks omitted). The offenses for which Letner is currently incarcerated involved two separate bank robberies and the act of carrying firearms in the commission of those crimes. (Doc. No. 19 at PageID 74-77.) It is axiomatic that the commission of armed bank robberies are serious and dangerous crimes. *United States v. Jones*, No. 2:95-cr-20, 2021 U.S. Dist. LEXIS 41414, at *8, 2021 WL 836933 (S.D. Ohio Mar. 5, 2021) (finding armed robbery of a bank to be a serious crime in denying motion for compassionate release); *United States v. Rodgers*, No. 3:04-cr-131, 2021 U.S. Dist. LEXIS 126974, at *18, 2021 WL 2853396 (S.D. Ohio July 8, 2021) (finding bank robbery is a "extremely serious" crime and weighs heavily against granting release).

Additionally, Letner's criminal history shows that this offense was the most recent in a long and troubling history of serious crimes. (*See* PSR ¶¶ 72-4, 77-8.) This greatly concerns the Court. *See* 18 U.S.C. §3553(a)(1), (a)(2)(A), (a)(2)(B), (a)(2)(C), (a)(6). Furthermore, Letner still has a substantial amount of his sentence remaining. See 18 U.S.C. § 3553(a)(2)(A), (a)(2)(B), (a)(6); *Ruffin*, 978 F.3d at 1008 (considering the amount of the sentence that the petitioner had

7

served); *United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020) ("the need to provide just punishment, the need to reflect the seriousness of the offense, and the need to promote respect for the law permit the court to consider the amount of time served in determining whether a sentence modification is appropriate").  Releasing Letner with so much time remaining on his sentence "minimizes both the impact of [his] crime and seriousness of [his] offense." *United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020).

The Court finds that the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant do not favor early release. *See* 18 U.S.C. § 3553(a)(2)(A)-(C).  Indeed, these same factors demonstrate that Letner has not presented: 1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in the controlling law; or (4) a manifest injustice.  *GenCorp*, 178 F.3d at 834.  Therefore, Letner has also failed to show the Court erred in its previous ruling.

Thus, even if steps one and two authorized the requested reduction, the Court finds that consideration of the applicable Section 3553(a) factors calls for denial of the Motion.  *Jones*, 980 F.3d at 1102 (affirming decision to deny motion for compassionate release where "the district court found for the sake of argument that an extraordinary and compelling circumstance existed in [defendant's] case but that the § 3553(a) factors counseled against granting compassionate release"); *United States v. Pawlowski*, 967 F.3d 327, 330 (3d Cir. 2020) (affirming denial of a compassionate release motion where "the District Court reasonably concluded that several of the § 3553(a) factors—including … the need to reflect the seriousness of the offense, promote respect for the law, and afford adequate deterrence—counsel against compassionate release …").

### III. CONCLUSION

Although the Court is sympathetic to Letner's arguments about the fear of contracting COVID-19, the Court finds he has not satisfied the Section 3582 requirements. For the reasons stated above, the Court **DENIES** the Motion for Compassionate Early Release (Doc. No. 138).

**DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, April 13, 2022.

s/Thomas M. Rose

_____

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE
